UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUIS MOYANO | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-421-SDJ |
| | § | |
| SUNLIGHT FINANCIAL, LLC, | § | |
| ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sunlight Financial LLC's Renewed Motion to Dismiss and Brief in Support. (Dkt. #16). Plaintiff Luis Moyano has not filed a response to the motion, and the deadline to do so has passed. The Court therefore presumes that Moyano "does not controvert the facts set out by [Sunlight] and has no evidence to offer in opposition to the motion." *See* Local Rule CV-7(d). After full consideration, the Court will grant the motion in part.

## I. BACKGROUND

This is a consumer fraud and deceptive trade practices case. Several years ago, "Defendants' sales representative" visited Plaintiff Luis Moyano's home to promote a residential solar-panel system. (Dkt. #14 ¶ 11). After reviewing Moyano's house and energy bills, the representative "promised" Moyano that if he purchased the system: (1) his electric bill would be reduced to $0 per month; (2) he would retain power during outages with the purchase of an additional back-up battery; (3) he would receive a tax refund check in the amount of $30,000; and (4) he would be enrolled in a "buyback program" that would allow him to sell excess electricity back to the electric grid in exchange for credits on his electric bill. (Dkt. #14 ¶ 11).

1

Relying on these promises, Moyano agreed to purchase the solar-panel system for a total price of $98,791. (Dkt. #14 ¶ 11). To that end, Moyano entered into a "Purchase Agreement" with Defendant Myo Investments Inc. ("Myo") for the sale of the system. (Dkt. #14 ¶ 11). Moyano also entered into a "Loan Agreement." (Dkt. #14 ¶ 11). "Defendant Sunlight Financial LLC [("Sunlight")], through their lending partner Defendant All in Federal Credit Union [("AICU")], financed the transaction[.]" (Dkt. #14 ¶ 11).

Several months later, in January 2023, Defendants began installing the system. (Dkt. #14 ¶ 12). About halfway through the installation process, Defendants hired new installers, who completed the job in mid-March 2023. (Dkt. #14 ¶ 12). Sometime after the installation was complete, Moyano was "notified that the solar panel system was not working properly and that different parts of the system needed to be inspected and repaired." (Dkt. #14 ¶ 12). Nevertheless, Defendants proceeded to turn the system on with only half of the solar panels operational. (Dkt. #14 ¶ 12). Shortly thereafter, Moyano noticed a burning smell coming from the solar-panel box and immediately shut the power off. (Dkt. #14 ¶ 12). Defendants sent out a technician to inspect the issues, and, a few weeks later, the technician returned to fix them. (Dkt. #14 ¶ 12).

Even after Defendants claimed that everything had been fixed, Moyano continued to have issues with the system. (Dkt. #14 ¶ 13). He noticed, for example, that the panels were not generating electricity at the level Defendants had represented they would. (Dkt. #14 ¶ 13). Moyano thus continued to receive high

monthly electric bills, despite Defendants' promise that the system would eliminate his bill entirely. (Dkt. #14 ¶ 13). He also discovered that fifteen panels were not working at all. (Dkt. #14 ¶ 13). When Moyano complained to Defendants, Defendants told him he would have to pay for repairs outside the promised warranty. (Dkt. #14 ¶ 13). Eventually, "after numerous attempts to fix the solar panels and paying a high monthly energy bill, [Moyano] realized that he had been defrauded and would not realize the benefits Defendants promised him." (Dkt. #14 ¶ 13).

Moyano sued Sunlight and AICU in state court in March 2025. *See* (Dkt. #2). AICU removed the case to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. #1, #8, #11). Following removal, Moyano filed an amended complaint, (Dkt. #14), adding Myo as a defendant.[1]

Moyano brings claims for fraud and for violations of Texas's Deceptive Trade Practices Act ("DTPA"). (Dkt. #14 ¶¶ 16–21). Moyano also seeks a declaratory judgment that the Purchase Agreement and Loan Agreement were "procured by fraud" and are therefore void. (Dkt. #14 ¶¶ 22–23). Sunlight now moves to dismiss the First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. #16). Moyano has not filed a response to Sunlight's motion to dismiss, and the deadline to do so has passed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV.

---

[1] The Court later dismissed Moyano's claims against Myo for failure to timely serve Myo under Federal Rule of Civil Procedure 4(m). *See* (Dkt. #27, #28).

P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility means "more than a sheer possibility," but not necessarily a probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When assessing a motion to dismiss under Rule 12(b)(6), the facts pleaded are entitled to a presumption of truth, but legal conclusions that lack factual support are not entitled to the same presumption. *Id.* The court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To determine whether the plaintiff has pleaded enough to "nudge[] [its] claims . . . across the line from conceivable to plausible," a court draws on its own common sense and judicial experience. *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570). This threshold is surpassed when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In conducting this review, the court's inquiry is limited to "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

## III. DISCUSSION

Sunlight asks that the Court dismiss Moyano's First Amended Complaint, (Dkt. #14), for failure to state a claim under Rule 12(b)(6).[2] The Court addresses each of Moyano's claims in turn.

## A. Fraud

To state a claim for fraud under Texas law, the plaintiff must allege: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *CHU de Quebec–Universite Laval v. Dreamscape Dev. Grp. Holdings, Inc.*, No. 4:21-CV-182-SDJ, 2026 WL 1091594, at *15 (E.D. Tex. Apr. 22, 2026). In alleging fraud, "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements

---

[2] Sunlight raises two additional issues in its motion. First, Sunlight contests Moyano's post-removal joinder of Defendant Myo Investments Inc., which destroyed diversity jurisdiction. (Dkt. #16 at 13–17). Myo has since been dismissed from this case, *see supra* note 1, so the issue of Myo's joinder is now moot. Second, Sunlight argues that the Court should dismiss Moyano's First Amended Complaint for failure to comply with a court order under Rule 41(b) because Moyano filed his amended complaint after the deadline specified in the Court's Order and Advisory, (Dkt. #12). (Dkt. #16 at 12–13). Because the Court finds that Moyano's claims should be dismissed under Rule 12(b)(6), the Court need not address Moyano's request for dismissal under Rule 41(b).

were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). In other words, a party alleging fraud must specify the who, what, when, where, and how of the alleged fraud. *See id.* at 179.

"When multiple defendants are alleged to have committed fraudulent acts, a party claiming fraud must plead with sufficient particularity attribution of the alleged misrepresentations or omissions to each defendant; the plaintiff is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud." *Hidden Values, Inc. v. Wade*, No. 3:11-CV-1917-L, 2012 WL 1836087, at *4 (N.D. Tex. May 18, 2012) (cleaned up).

Here, Moyano has failed to identify with particularity the "who" of the alleged fraud. *See id.* Moyano alleges that "Defendants' sales representative" made several fraudulent misrepresentations, but he does not identify the representative or specify which Defendant employed the representative. *See* (Dkt. #14 ¶ 11). Instead, Moyano simply asserts that Defendants were engaged in a "joint enterprise, joint venture, and a conspiracy to sell residential solar panels to consumers," and are therefore "jointly and severally liable" for each other's conduct. (Dkt. #14 ¶ 25).

But merely alleging a joint enterprise does not excuse a plaintiff from Rule 9(b)'s particularity requirement. Even if defendants were engaged in a joint enterprise and are therefore jointly and severally liable for the fraudulent conduct of their co-defendants, a plaintiff must still allege with particularity which defendant is directly responsible for the conduct at issue, and which defendants are liable solely

6

by virtue of their membership in the joint enterprise. Moyano has failed to so distinguish among Defendants, so his fraud claim must be dismissed.

## B. Texas DTPA Violations

"The elements of a DTPA claim are (1) the plaintiff was a consumer; (2) the defendant either engaged in false, misleading, or deceptive acts (i.e., violated a specific laundry-list provision of the DTPA) or engaged in an unconscionable action or course of action; and (3) the DTPA laundry-list violation or unconscionable action was a producing cause of the plaintiff's injury." *Hunt v. City of Diboll*, 574 S.W.3d 406, 431 (Tex. App.—Tyler 2017, pet. denied). DTPA claims are subject to the requirements of Federal Rule of Civil Procedure 9(b). *Patel v. Holiday Hosp. Franchising, Inc.*, 172 F.Supp.2d 821, 825 (N.D. Tex. 2001). Thus, in alleging a violation of the DTPA, a party must "state with particularity the circumstances constituting" the violation—including the who, what, when, where, and how of the alleged violation. FED. R. CIV. P. 9(b); *Williams*, 112 F.3d at 179.

Moyano's DTPA claims fail for the same reason as his fraud claim. He has not identified with particularity the "who" of the alleged DTPA violations. *See supra* Part III.A. That is, Moyano has not differentiated between Defendants and specified each Defendant's role in the "false, misleading, or deceptive acts" or "unconscionable action or course of action." *See Hunt*, 574 S.W.3d at 431. Moyano's DTPA claims must therefore be dismissed.

7

## C. Declaratory Judgment

Having dismissed Moyano's fraud and DTPA claims, the Court must also dismiss his declaratory judgment claim. "Removal from state to federal court converts a state court declaratory judgment action into one under the federal Declaratory Judgment Act." *Garcia v. Bank of Am., N.A.*, No. 3:13-CV-00001-P, 2013 WL 12136510, at *3 (N.D. Tex. Apr. 2, 2013). The Declaratory Judgment Act "is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F.App'x 787, 792 (5th Cir. 2018) (per curiam). Thus, "[w]here all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Holcomb v. Specialized Loan Servicing, LLC*, 748 F.Supp.3d 450, 457 (S.D. Tex. 2024) (cleaned up). Moyano's declaratory judgment claim must therefore be dismissed.

\*   \*   \*   \*

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." *Hernandez v. Ikon Off. Sols., Inc.*, 306 F.App'x 180, 182 (5th Cir. 2009) (per curiam). This is Moyano's first dismissal under Rule 12(b)(6), so the Court will allow Moyano an opportunity to amend.

## IV. CONCLUSION

For these reasons, Defendant Sunlight Financial LLC's Renewed Motion to Dismiss and Brief in Support, (Dkt. #16), is **GRANTED in part**.

8

It is therefore **ORDERED** that Plaintiff's claims are **DISMISSED without prejudice**.

It is further **ORDERED** that Plaintiff may file an amended complaint, addressing the deficiencies noted in this Order, no later than **June 5, 2026**.

**So ORDERED and SIGNED this 15th day of May, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE